UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH WATERS,

                                    Plaintiff,

        v.                                                          9:18-CV-0196
                                                                    (MAD/DEP)

CATHERINE JACOBSEN, et. al.,

                                    Defendants.

_____

APPEARANCES:

KEITH WATERS
Plaintiff, pro se
3527 Nostrand Ave
#5E
Brooklyn, NY 11229

HON. BARBARA D. UNDERWOOD                    JOHN F. MOORE, ESQ.
Acting New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Pro se plaintiff Keith Waters ("Plaintiff"), a parolee, commenced this civil rights action

asserting claims arising out of his confinement in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS") at Walkill Correctional

Facility ("Walkill C.F.").  Dkt. No. 1 ("Compl.").  In a Decision and Order filed on March20,

2018 (the "March Order"), the Court reviewed the sufficiency of the Complaint in accordance

with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 7. On the basis of that review, some claims were dismissed and Plaintiff was afforded the opportunity to submit an amended pleading. *See* Dkt. No. 7, *generally*. On April 5, 2018, Plaintiff filed an Amended Complaint. Dkt. No. 10 ("Am. Compl."). In a Decision and Order filed on April 23, 2018 (the "April Order"), the Court reviewed the sufficiency of the Amended Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 11. Based upon that review, the Court directed defendants to respond to the following claims: (1) Fourth Amendment claims against Superintendent Catherine Jacobsen ("Jacobsen") and Lieutenant W. Purdy ("Purdy"); (2) First Amendment claims against Jacobsen and Purdy for violations of Plaintiff's right to free speech; (3) First Amendment retaliation claims against Purdy, Lieutenant Huckeba ("Huckeba"), Deputy Superintendent G. Niles ("Niles"), and Christopher M. Wlodkowski ("Wlodkowski") related to misbehavior reports and disciplinary proceedings/determinations; (4) First Amendment retaliation claims against Jacobsen; and (5) claims for injunctive and declaratory relief against Commissioner Anthony Annucci ("Annucci") in his official capacity. *See id.* The following claims were dismissed for failure to state a claim: (1) Fourteenth Amendment Due Process claims related to Plaintiff's property against Purdy and Jacobsen; (2) Fourteenth Amendment Due Process claims related to disciplinary hearings; (3) Fourteenth Amendment equal protection claims; (4) constitutional claims based upon the submission of fraudulent documents; (5) First Amendment claims based upon freedom of association; (6) retaliation claims against Captain J. Neuwirth ("Neuwirth"); (7) First Amendment access to court claims; (8) First Amendment mail interference claims; (9) conspiracy claims; (10) supervisory claims against Annucci, in his individual capacity; and (11) state law claims. *See id.*

2

On July 9, 2018, defendants Annucci, Huckeba, Jacobsen, Purdy, and Wlodkowski filed an Answer. Dkt. No. 25.

Presently before the Court are Plaintiff's motions for the following relief: (1) leave to file a second amended complaint; (2) a preliminary injunction; (3) appointment of counsel; and (4) a *Valentin* Order. Dkt. No. 21. Defendants oppose the motion to amend and the motion for injunctive relief. Dkt. No. 22.

## II.    MOTION TO AMEND

### A.    Legal Standard

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Rule 15(a) states that leave to amend shall be freely given "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman*, 371 U.S. at 182. An amendment or supplementation of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

3

In the case of proposed amendments where new defendants are to be added, the Court must also look to Rules 20 and 21. *Ward v. LeClaire*, No. 07-CV-0026 (LEK/RFT), 2008 WL 182206, at *3 (N.D.N.Y. Sept. 26, 2007) (citing *United States v. Chilstead Bldg. Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.)). Rule 21 states that a party may be added to an action "at any time [and] on just terms." Fed. R. Civ. P. 21. Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Goston v. Potter*, No. 9:08-CV-0478 (FJS/ATB), 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010) (quoting *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations marks omitted)).[1] Rule 20(a)(2) is liberally construed "so as to promote judicial economy and to allow related claims to be tried within a single proceeding." *Equal Emp't Opportunity Comm'n v. Nichols Gas & Oil, Inc.*, 518 F. Supp. 2d 505, 508-09 (W.D.N.Y. 2007) (citing, inter alia, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)).

**B.     Plaintiff's Motion and Defendants' Opposition**

Plaintiff submitted a proposed Second Amended Complaint, with exhibits, in support of his motion to amend. Dkt. Nos. 21-3, 21-4, and 21-5. In July 2018, Plaintiff was released on parole. Dkt. No. 21-3 at 30. As a condition of his parole, Plaintiff is prohibited from contacting or communicating with his spouse and children. *Id.* at 28-30. In the proposed

---

[1]     "Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20[.]" *Commercial Bank of N. Am,*, 31 F.R.D. at 135. In this respect, the federal rules state, in part, that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

amended pleading, Plaintiff restates previously dismissed claims related to his confinement at

Walkill C.F. *Id.* at 7-29. Plaintiff also asserts new constitutional claims related to the special

conditions of Plaintiff's parole against Annucci, Jacobson, and new defendants, Board of

Parole/Community Supervision ("Board of Parole") and Walkill C.F. Offender Rehabilitation

Coordinator ("ORC") Shannon Levandoski ("Levandoski"). Dkt. Nos. 21-3 at 2, 5, 25-38 and

21-4, *generally.* Plaintiff contends that the aforementioned defendants acted in an arbitrary

and capricious manner when they imposed special parole conditions that are unrelated to

Plaintiff's underlying conviction. *Id.* Plaintiff also claims that Levandoski imposed the

conditions in retaliation for Plaintiff's grievances and complaints against Wlodkowski. Dkt.

No. 21-3 at 31.

Defendants argue that the proposed amended pleading is unrelated to the claims in

the underlying Amended Complaint. Dkt. No. 22 at 8-11. Defendants also claim that the

amendments will result in "juror confusion" and prejudice. *See id.* at 11-12.

**C.    Discussion**

On July 11, 2018, the Court issued a Mandatory Pretrial Discovery and Scheduling

Order. Dkt. No. 28. Pursuant to the Order, Plaintiff may move to amend the pleadings on or

before November 12, 2018. *Id.* With respect to the amendments, it does not appear to this

Court that Plaintiff has delayed unduly in bringing his motion, the requested amendments do

not significantly change the theory of the case, and the Court is not persuaded that resolution

of this matter will be significantly delayed by the filing of the amended pleading. The new

5

facts alleged involve original defendants and occurred while Plaintiff was confined at Walkill C.F. The Court has thoroughly reviewed the proposed pleading and finds that the claims asserted are sufficiently related to the original claims, defendants, and the Amended Complaint. *See Keith v. Volpe*, 858 F.2d 267, 474 (9th Cir. 1988) (holding that "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction."). With that in mind, the Court will review the proposed Second Amended Complaint thoroughly, with due regard for his status as a pro se litigant, to determine sufficiency of the additional claims set forth in that pleading.[2]

## D.  Summary of Second Amended Complaint[3]

Upon review, the Court finds that the facts and claims against the original defendants are nearly identical to the allegations set forth in the Amended Complaint. *Compare* Am. Compl. *with* Prop. Sec. Am. Compl. The new facts pertain to the conditions of Plaintiff's parole. *See* Dkt. No. 21-3 at 28-35.

While in DOCCS' custody for twelve years, Plaintiff maintained frequent contact with

---

[2]      The legal standard governing the dismissal of a pleading for failure to state a claim was discussed at length in the March Order and it will not be restated in this Decision and Order.  Dkt. No. 7 at 2-4.

[3]      The proposed Second Amended Complaint includes exhibits.  *See* Dkt. No. 21-5.  To the extent that the exhibits are relevant to the incidents described in the proposed Second Amended Complaint, the Court will consider the Second Amended Complaint as well as any documents attached as exhibits.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference). Additionally, Plaintiff's original Complaint included exhibits, Dkt. No. 1-3, that were incorporated by reference in the Amended Complaint.  In the proposed Second Amendment Complaint, Plaintiff incorporated, by reference, the same exhibits, but failed to actually attach the exhibits to the Amended Complaint.  For the reasons set forth in the April 2018 Order, see Dkt. No. 11 at 3, n.1, the court will consider the exhibits and documentation attached to the original Complaint as incorporated by reference in the Second Amended Complaint.

6

his family members, including his children and his spouse. Dkt. No. 21-3 at 28. Plaintiff's

contact with his family was never subjected to any court orders of protection or limited in any

manner by the policy or procedures outlined in DOCCS Directives 4403[4], 4422, or 4423[5]. *Id.*

Additionally, DOCCS did not receive any request from Plaintiff's spouse or his children to limit

communication.[6] *Id.*

In March 2018, Plaintiff met with ORC Levandoski, in her office at Walkill C.F., to

review his institutional record. Dkt. No. 21-3 at 31. Because Plaintiff's release date was

forthcoming, Plaintiff and Levandoski discussed his COMPAS Risk Assessment[7] and the

community preparation process. *Id.* At that time, they did not discuss the possible

conditions of Plaintiff's parole. *Id.* As Plaintiff exited Levandoski's office, he noticed

Wlodkowski, another defendant in this action, near the office. *Id.* Plaintiff overheard

Levandoski speaking with Wlodkowski, in a foreign language and gesturing in Plaintiff's

direction. Dkt. No. 21-3 at 31.

On April 12, 2018, Levandoski met with Plaintiff to prepare his COMPAS assessment

and to initiate the community preparation process. Dkt. No. 21-3 at 31. Levandoski did not

---

[4]   DOCCS Directive 4403 prohibits any visitation if a court order prohibiting such visitation is on file with the facility. Dkt. No. 21-4 at 7.

[5]   DOCCS Directives 4422 and 4423 related to Orders of protections and provide that inmates are prohibited from any contact with person(s) to whom the Orders have been issued. Dkt. No. 21-4 at 7.

[6]   Plaintiff provided copies of cards and correspondence sent from his children during his incarceration. Dkt. No. 21-5 at 33-51.

[7]   COMPAS is a risk-assessment instrument used to "inform decision-making throughout the various phases of incarceration and community supervision." *See* www.doccs.ny.gov (last visited Aug. 6, 2018).

mention the possibility or probability of a parole condition that would prohibit Plaintiff from contacting his spouse or children. *Id.* Five days later, Plaintiff received his parole packet, COMPAS scores, and special parole conditions. *Id.* Notably, as a condition of Plaintiff's parole, Levandoski recommended imposing a "Domestic Violence Alert" prohibiting Plaintiff from associating or communicating with his spouse, Sharon Waters, and his child, Kiearah Waters, without permission from his parole officer. Dkt. No. 21-4 at 8; Dkt. No. 21-5 at 15.

On May 22, 2018, the Board of Parole reviewed and adopted Levandoski's submissions. Dkt. No. 21-3 at 35. On May 24, 2018, the Board of Parole forwarded notice to Plaintiff. *Id.* On July 19, 2018, Plaintiff was released on parole. *See* http://nysdoccslookup.doccs.ny.gov (last visited Aug. 6, 2018).

Construing the proposed pleading liberally, Plaintiff claims that Levandoski, the Board of Parole, Annucci, and Jacobsen violated his Fourteenth Amendment due process rights and First Amendment rights when they imposed a special parole condition that limited his contact with his family. *See* Dkt. No. 21-3 at 32, 35. Plaintiff alleges that defendants acted in an arbitrary and capricious manner and unreasonably classified him as a "domestic violence alert case." *See id.* at 33, 36; Dkt. No. 21-1 at 2. Plaintiff also contends that Levandoski retaliated against Plaintiff for grievances Plaintiff filed against Wlodkowski. *See id.* at 36. Plaintiff seeks injunctive relief and monetary damages. *See* Dkt. No. 21-4 at 10-11.

**1.      Previous Claims**

The Court grants the motion insofar as Plaintiff seeks to restate the following claims:

(1) Fourth Amendment claims against Jacobsen and Purdy; (2) First Amendment claims against Jacobsen and Purdy for violations of Plaintiff's right to free speech; (3) First Amendment retaliation claims against Purdy, Huckeba, Niles, and Wlodkowski related to misbehavior reports and disciplinary proceedings/determinations; (4) First Amendment retaliation claims against Jacobsen; and (5) claims for injunctive and declaratory relief against Annucci in his official capacity. The Court expresses no opinion as to whether any of these claims can withstand a properly filed dispositive motion.

In the proposed pleading, Plaintiff attempts to re-allege, without any new factual support, the following previously dismissed claims: (1) Fourteenth Amendment Due Process claims related to Plaintiff's property against Purdy and Jacobsen; (2) Fourteenth Amendment Due Process claims related to disciplinary hearings; (3) Fourteenth Amendment equal protection claims; (4) constitutional claims based upon the submission of fraudulent documents; (5) First Amendment claims based upon freedom of association; (6) retaliation claims against Neuwirth; (7) First Amendment access to court claims; (8) First Amendment mail interference claims; (9) conspiracy claims; (10) supervisory claims against Annucci, in his individual capacity; (11) state law claims; and (12) constitutional claims related to the violation of DOCCS Directive 4910-A. *See* Dkt. No. 21-3, *generally*. For the reasons set forth in the March 2018 and April 2018 Orders, Plaintiff's request to amend to assert the

aforementioned claims is denied as futile.[8]

### 2. Claims Against Board of Parole

Plaintiff identifies the Board of Parole as a defendant. Dkt. No. 21-4 at 1. The
Eleventh Amendment has long been construed as barring a citizen from bringing a suit
against his or her own state in federal court, under the fundamental principle of "sovereign
immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be
construed to extend to any suit in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");
*Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S.
261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).
Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states'
immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d
Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through Section
1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not
waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally
Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v.
New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764, at *2 (N.D.N.Y. Mar. 28, 1996).
"For Eleventh Amendment purposes, governmental entities of a state that are considered

---

[8]      In a submission dated July 9, 2018, Plaintiff argues that the Court "misapprehended salient
facts" related to Neuwirth's "personal involvement" in the Disciplinary Hearings. *See* Dkt. No. 26 at 2. To the
extent that Plaintiff is attempting to move for reconsideration of the April 2018 Order as it relates to claims
against Neuwirth, that motion is denied.

'arms of the state' receive Eleventh Amendment immunity." *Dawkins*, 1996 WL 156764, at

*2; *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir.

1991) ("Agencies of the state . . . are entitled to assert the state's Eleventh Amendment

immunity where, for practical purposes, the agency is the alter ego of the state and the state

is the real party in interest.").

An official arm of the state enjoys the same Eleventh Amendment immunity from suit

in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180

F.3d 409, 414 (2d Cir. 1999). Consequently, Plaintiff's motion to include § 1983 claims for

monetary damages against the Board of Parole is denied as futile. *See Diaz v. Ward*, 437

F.Supp.2d 678, 688 (S.D.N.Y. 1977).

### 3. Parole Conditions

"The courts have [ ] consistently held that a parolee has no constitutionally protected

interest in being free from special conditions of release." *Maldonado v. Fischer*, No 11-CV-

1091, 2012 WL 4461647, at *4 (W.D.N.Y. Sept. 24, 2012) (collecting cases). "[I]t is well-

established that 'the [New York] Parole Board's discretionary imposition of special conditions

is not subject to judicial review in the absence of a showing that the board or its agents acted

in an arbitrary and capricious manner.' " *Id.* at *3. "[W]hile Plaintiff does not have a protected

liberty interest to be free from special conditions of parole, he may have a viable due process

claim pursuant to § 1983 based on the substance of the conditions and/or the basis for

imposing such conditions." *Singleton v. Doe*, No. 14-CV-0303, 2014 WL 3110033, at *3

(E.D.N.Y. July 7, 2014) (citation omitted). "[W]here the condition is not related to the parolee's criminal history or to the State's interests, it may be prone to tailoring or invalidation." *Robinson v. New York*, No. 09-CV-0455 (GLS/RFT), 2010 WL 11507493, at *6 (N.D.N.Y. Mar. 26, 2010) (collecting cases). The release conditions must serve " 'legitimate interests of the parole regime' such as 'rehabilitat[ion]' and 'protection of the public' tailored 'in light of the conduct for which [Plaintiff] was convicted.' " *Trisvan v. Annucci*, 284 F. Supp. 3d 288, 297 (E.D.N.Y. 2018) (citation omitted).

Here, Plaintiff alleges that the condition limiting his contact with his family members is unrelated to his underlying robbery conviction. *See* Dkt. No. 21-3 at 28-31. Plaintiff also contends that for the last twelve years, he has maintained frequent contact with his family members, without any restrictions imposed by the courts or DOCCS. *See id.* Plaintiff maintains that he has is not a convicted sex offender, nor is he the subject of any order of protection related to his family. *See* Dkt. No. 21-1 at 3. At this juncture, Plaintiff has sufficiently plead constitutional claims related to the special conditions of parole to warrant a response. *See Maldonado*, 2012 WL 4461647, at* 5 (holding that the plaintiff could proceed with due process claims objecting to the substance of the conditions imposed upon him, i.e. the hardship upon his relationship with his family and the relation, if any, to his offenses); *see also Robinson*, 2010 WL 11507493, at *6 (holding that while the plaintiff did not have a liberty interest to be free from special conditions of parole, he may challenge the substance of the special conditions and the basis for their imposition). The Court expresses no opinion as to

whether these claims can withstand a properly filed dispositive motion.

### 4. Retaliation

The law related to First Amendment retaliation claims was discussed in the March Order and will not be restated herein. *See* Dkt. No. 7 at 21-22. Plaintiff claims that Levandoski recommended the special parole conditions in retaliation for his grievances against Wlodkowski. *See* Dkt. No. 21-3 at 31.

Upon review, the Court denies Plaintiff's request to amend his pleading, in this regard, as futile. Plaintiff's retaliation claim is based solely upon a conversation between Levandoski and Wlodkowski, which Plaintiff admits that he could not understand, because it was spoken in a foreign dialect. "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983). The proposed pleading lacks facts identifying what grievance or grievances motivated the alleged retaliatory action, when the grievances were filed, and, more importantly, how Levandoski became aware of the grievances. As Plaintiff has not sufficiently alleged any causal connection between any protected activity and retaliatory conduct, Plaintiff has not stated a plausible claim for retaliation against Levandoski in violation of the First Amendment.

### 5. Violation of DOCCS Directives

Plaintiff alleges that Annucci and Levandoski violated DOCCS policies, procedures, rules, and regulations. *See* Dkt. No. 21-1 at 2. In the March 2018 Order, the Court

13

discussed the law related to DOCCS Directives and section 1983 actions.  *See* Dkt. No. 7 at

25-26.  For the reasons set forth in the March 2018 Order, Plaintiff's motion to amend his

pleading to include this claim is denied as futile.

### III.    MOTION FOR PRELIMINARY INJUNCTION[9]

Plaintiff moves to enjoin DOCCS and the Board of Parole from imposing the special

parole conditions.  *See* Dkt. No. 21-2 at 7-8; Dkt. No. 21-1 at 2-3; Dkt. No. 21-4 at 10-11.

Defendants oppose the motion arguing that the relief is sought against non-party defendants

and further, that Plaintiff has not exhausted his administrative remedies related to the issues

addressed in the motion.  Dkt. No. 22 at 13-16.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion."

*Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v.*

*Armstrong*, 520 U.S. 968, 972 (1997)).  "The district court has wide discretion in determining

whether to grant a preliminary injunction."  *Id.* at 511.  To succeed on a motion for preliminary

injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial

likelihood of success on the merits of the claim, or sufficiently serious questions going to the

merits and a balance of hardships tipping decidedly in his favor.  *Citigroup Global Markets,*

*Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

---

[9]      In a submission filed on July 9, 2018, Plaintiff states that he withdraws his motion for a
preliminary injunction. Dkt. No. 26. Further in the submission, Plaintiff sets forth arguments in support of his
motion.  *See id.*  In deference to Plaintiff's pro se status, the Court assumes that Plaintiff does not wish to
withdraw his motion.

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581, 193 L. Ed. 2d 421 (2015) (citation and internal quotation marks omitted). "The irreparable harm necessary to support injunctive relief must be 'actual and imminent,' not 'remote [or] speculative.' " *Young-Flynn v. Wright*, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (citing *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999)). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418,

15

at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). Here, the injunction sought is mandatory, and thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff moves to enjoin DOCCS and the Board of Parole from imposing the special parole conditions. *See* Dkt. No. 21-4 at 10-11. To the extent that Plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Additionally, Plaintiff requests a court order to protect him from future harm (i.e. future

loss of family relations).  *See* Dkt. No. 26 at 1.  Plaintiff's allegations that he will be the victim

of future harm do not amount to irreparable harm.  Even if Plaintiff could establish irreparable

harm, a party is not entitled to injunctive relief unless there is also proof of a likelihood of

succeeding on the merits of a claim, or evidence that establishes sufficiently serious

questions going to the merits of such a claim and a balance of hardships tipping decidedly

toward the party seeking such relief.  *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992).

Plaintiff has failed to submit proof or evidence which meets this standard. Plaintiff has

submitted only his own affidavit containing his request for injunctive relief and the reasons

why he believes his request should be granted.  Plaintiff's allegations, standing alone, are not

sufficient to entitle him to preliminary injunctive relief.  *See Ivy Mar Co. v. C.R. Seasons Ltd.*,

907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for

the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.*, 792 F.

Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere

hypotheticals.").

     Accordingly, Plaintiff's motion for preliminary injunctive relief (Dkt. No. 21) is denied.

**IV.**     **MOTION FOR APPOINTMENT OF COUNSEL**

     Plaintiff moves for counsel due to the complexity of the legal issues and his lack of

access to discovery material.  Dkt. No. 21-1 at 4, 6-8, 12, 13, 22-25; Dkt. No. 21-2 at 2- 5.

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel.

*See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).  However, pursuant to

17

28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28

U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person

unable to afford counsel.").[10]  Courts cannot utilize a bright-line test in determining whether

counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d

390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the

court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position
> seems likely to be of substance.  If the claim meets this threshold
> requirement, the court should then consider the indigent's ability to
> investigate the crucial facts, whether conflicting evidence implicating
> the need for cross examination will be the major proof presented to
> the fact finder, the indigent's ability to present the case, the
> complexity of the legal issues and any special reason in that case
> why appointment of counsel would be more likely to lead to a just
> determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v.*

*Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).  This is not

to say that all, or indeed any, of these factors are controlling in a particular case.  Rather,

each case must be decided on its own facts.  *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM)

899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).  The Court

must consider the issue of appointment carefully because "every assignment of a volunteer

lawyer to an undeserving client deprives society of a volunteer lawyer available for a

---

[10]     Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept
an appointment.  "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do."  *Rashid v.*
*McGraw*, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

deserving cause."[11] *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

In this case at this preliminary stage, the Court is unable to determine whether Plaintiff meets the threshold requirement that at least some aspects of his claim are "likely to be of substance." *Hodge*, 802 F.2d at 61. Plaintiff has not submitted any evidence supporting his claims. Even if the Court were to assume, for purposes of this motion, that Plaintiff's position seems likely to be of substance, the relevant factors weigh decidedly against granting Plaintiff's motion at this time. For example: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action; and (3) if this case survives any dispositive motions filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference.

The Court is not aware of any special reason why appointment of counsel in this case is warranted at this time and is mindful, as the Second Circuit has admonished that it must be, of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper*, 877 F.2d at 172 (noting that "[v]olunteer lawyer time is a precious commodity."). As discussed *supra*, Plaintiff provided a detailed Complaint, Amended Complaint, and Second Amended Complaint with facts sufficient to survive this Court's sua sponte review. Thus, Plaintiff's motion for the appointment of counsel is denied without prejudice. After the parties have undertaken discovery, Plaintiff may seek appointment of

---

[11] The court is authorized only to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Mallard v. United States District Court*, 490 U.S. 296, 298 (1989). Section 1915(e) does not, however, permit a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. *See Mallard*, 490 U.S. at 298, 309.

counsel and the Court may be better able to determine whether such appointment is warranted.

## V. *VALENTIN* ORDER

Plaintiff moves for a *Valentin* Order directing the defendants to provide information so that Plaintiff may effectuate service upon Niles. *See* Dkt. No. 21-1 at 4, 10; Dkt. No. 21-2 at 6. On March 28, 2018, the Clerk of the Court issued summonses for defendants. Dkt. No. 8. On May 15, 2018, the summons for Niles, served at Walkill C.F., was returned "unexecuted." Dkt. No. 16. Under *Valentin*, a pro se litigant is entitled to assistance from the district court in identifying a defendant for service of process. *See Valentin*, 121 F.3d at 75–76. Although Plaintiff has provided the name of the defendant, the Marshals Service has been unsuccessful in its attempt to effectuate service. To complicate matters, Plaintiff is no longer incarcerated at Walkill C.F. Accordingly, pursuant to *Valentin*, the Court instructs the Attorney General's Office to ascertain the full name of the defendant. The Attorney General's Office is also requested, to the extent that it is able to identify the defendant, to provide the address where the defendant can currently be served. The Attorney General's Office need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the defendant as instructed by the Second Circuit in *Valentin*.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to amend (Dkt. No. 21) is **GRANTED in part and DENIED in part** as set forth above. Specifically, the motion to amend is **GRANTED** to the extent that plaintiff asserts the following claims: (1) Fourth Amendment claims against Jacobsen and Purdy; (2) First Amendment claims against Jacobsen and Purdy for violations of Plaintiff's right to free speech; (3) First Amendment retaliation claims against Purdy, Huckeba, Niles, and Wlodkowski related to misbehavior reports and disciplinary proceedings/determinations; (4) First Amendment retaliation claims against Jacobsen; (5) claims for injunctive and declaratory relief against Annucci in his official capacity; and (6) constitutional claims related to the special conditions of parole against Annucci, Jacobsen, and Levandoski. The motion to amend is **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk of the Court is directed to (1) file the proposed Second Amended Complaint (Dkt. Nos. 1-3, 21-3, 21-4, 21-5) as the Second Amended Complaint in this action; and (2) revise the docket to add Levandoski as a defendant. The Second Amended Complaint, **as modified herein**, will supersede and replace the previously filed Amended Complaint and will be the operative pleading; and it is further

**ORDERED** that the Clerk shall issue a summons for defendant Levandoski and forward it, along with a copy of the Second Amended Complaint, to the United States Marshal for service upon that defendant; and it is further

**ORDERED** that a formal response to Plaintiff's Second Amended Complaint be filed by defendants, or their counsel, as provided for in Rule 12 of the Federal Rules of Civil

Procedure; and it is further

ORDERED that Plaintiff's motion for a preliminary injunction (Dkt. No. 21) is **DENIED**; and it is further

ORDERED that Plaintiff's motion for counsel (Dkt. No. 21) is **DENIED**; and it is further

ORDERED that Plaintiff's motion for a *Valentin* Order with respect to Niles (Dkt. No. 21) is **GRANTED**; and it is further

ORDERED that the Attorney General is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the defendant within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to Plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

ORDERED that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: August 8, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge